# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 12-cv-2160 JNE/FLN

Britt M. Fouks and Brian F. Hupperts, on behalf of themselves and all others similarly situated,

          Plaintiffs,

v.

Red Wing Hotel Corporation d/b/a St. James Hotel, Veranda, Clara's Gift Shop, Jimmy's Pub, Port Restaurant, and Shoe Box Café,
          Defendant.

Civil No. 12-cv-2160 (JNE/FLN)

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

      This matter came on for hearing before the undersigned United States Judge on June 7, 2013, upon motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set for in a Stipulation of Settlement dated May 30, 2013, ("Stipulation") signed by Counsel for Plaintiffs and the Defendant, and upon the subsequent filing of a stipulation concerning methods of class notice, which was designed to address certain concerns and suggestions raised by the Court. All capitalized terms in this Order shall have the meanings given them in the Stipulation.

      Plaintiffs Britt Fouks and Brian F. Hupperts (hereinafter "Plaintiffs") were represented by their counsel Thomas J. Lyons, Jr. of the Consumer Justice Center P.A. (hereinafter "Class Counsel"). Defendant Red Wing Hotel Corporation d/b/a St. James Hotel, Veranda, Clara's Gift Shop, Jimmy's Pub, Port Restaurant, and Shoe Box Café (hereinafter "St. James Hotel"), was represented by its counsel Christopher R. Morris, Esq. of Bassford Remele P.A.

      The Court having heard the arguments of counsel, having reviewed the Stipulation, its

exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised:

**IT IS HEREBY ORDERED,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Stipulation and the exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court hereby certifies plaintiffs' class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> "all persons residing in Minnesota and Wisconsin who, during the time period from May 11, 2011, through August 31, 2012, inclusive, used a personal credit or debit card at St. James Hotel and received a receipt that contained more than 5 digits of the credit or debit card."

The foregoing is the "St. James Hotel Settlement Class," and its members are "Class Members."

In support of this St. James Hotel Settlement Class, the Court finds as follows:

The parties do not dispute, and the Court finds, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

There are questions of law and fact common to all Class Members. Such questions include, but are not necessarily limited to, the following:

- Whether there was a willful violation of FACTA with respect to any persons who received a credit or debit card receipt from St. James Hotel that contained more than 5 digits of the credit or debit card.

Plaintiffs' claims are typical of the claims of the members of the St. James Hotel Settlement Class. Plaintiffs are a member of the St. James Hotel Settlement Class and allege that the same conduct of St. James Hotel applies to them as well as the other members of the

Settlement Class. Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiffs and other members of the Settlement Class are based upon corresponding theories.

Plaintiffs, as Class Representatives, and Class Counsel can fairly and adequately represent the interest of the St. James Hotel Settlement Class.

Questions of law and fact common to all members of the St. James Hotel Settlement Class predominate over any questions affecting on individual members for settlement purposes. A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. If for any reason the Stipulation ultimately does not become effective, St. James Hotel's conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before June 7, 2013, and nothing stated in the Stipulation or in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

4. Having reviewed the proposed short, long and email forms of Notice of Proposed Class Action Settlement attached together as Exhibit B to the Stipulation, the Court hereby approves and directs that Defendant cause the long form of the Notice to be made available on a website to be maintained by the appointed class action administrator, that the email form of notice be sent by the appointed class action administrator to all email addresses maintained by Defendant of likely and potential class members, and that the short form Notice be published in certain newspapers in the manner set forth in the Settlement Agreement, with the addition of also

publishing notice in the St. Paul Pioneer Press, given that location and email information for many class members cannot be determined through records of Defendant.

5. The Court finds and determines that email mail notice given to Class Members in accordance with paragraph 4 herein, combined with the published notices, constitutes the best notice practicable under the circumstances taking into account the nature of the claims and unique facts presented, constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

6. Any Class Member who desires to receive a settlement voucher, or who desires to request exclusion from the St. James Hotel Settlement Class, must file a written Claim or a written Statement of Exclusion in the form and manner required by the Notice of Settlement by September 3, 2013. Claims may be submitted through the class settlement website or may be sent to the St. James Hotel Class Settlement Administrator as the address below. Statements of Exclusion must be addressed to St. James Hotel Class Settlement Administrator at the following address:

> St. James Hotel Settlement
> c/o BMC Group P.O. Box 2005
> Chanhassen, MN 55317

7. A hearing will be held before the Honorable Judge Joan N. Ericksen, United States District Court, 300 South Fourth Street, Minneapolis, Minnesota, Courtroom 12W at 9:30 a.m. on October 10, 2013 ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the St. James Hotel Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Plaintiffs and the Class Members with prejudice and on the

merits, as required by the Stipulation; (c) whether to approve, with or without modification, the Class Representatives' applications for an award of Class Representatives fees and of attorney's fees, costs, expenses, and disbursements of Class Counsel ("Fee Petition") and (d) whether to approve the cy pres award requested by the parties. The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8.  Within 45 days of the entry of this Order, St. James Hotel shall cause a declaration to be filed with the Court certifying that notice has been emailed to certain members of the St. James Hotel Settlement Class, and published in certain newspapers, as agreed in the Settlement Stipulation and as directed in this Order.

9.  Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the St. James Hotel Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Settlement. Such written objections must be addressed to the Court Administrator; must be filed with, and received by, the Court Administrator no later than September 3, 2013; must contain the objector's full name, telephone number, and current address; must declare that the objector was provided a credit or debit card receipt by St. James Hotel between May 11, 2011, and August 31, 2012, inclusive, that contained more than 5 digits of the credit or debit card ; must provide a detailed statement of the objector's specific objections to any matter before the Court and the grounds therefore; and must include a copy of either the credit card billing statement or a copy of the St. James Hotel receipt proving that the objector made a credit or debit card purchase during the class time period and all documents and other writings the objector wishes the Court to consider. Copies of all materials

also must be filed with the Clerk of Court and served upon the St. James Hotel Class Settlement Administrator on or before September 3, 2013, at the following addresses:

> Clerk of Court
> United States Courthouse
> 316 North Robert Street
> St. Paul, MN 55101
>
> St. James Settlement Administrator- Objection
> c/o BMC Group
> P.O. Box 2010
> Chanhassen, MN 55317-2010

10. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees, costs, expenses, and disbursements to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date required herein and by the Notice of Settlement. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred form raising such objections in this or any other action or proceeding.

11. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from asserting against the St. James Hotel Released Parties any claims for which a Release and Covenant Not to Sue will be given, consistent with paragraph 8 of the Stipulation, if the Court approves the Proposed Settlement.

12. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiff and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against St. James Hotel Released Parties any claims that are being

released in accordance with paragraph 8 of the Stipulation and Plaintiff and all Class Members shall be conclusively deemed to have released any and all such claims.

13. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Stipulation, which will occur on the date upon which the judgment in this action becomes not subject to further appeal or review, only persons who are Class Members as described in paragraph 5(a) of the Stipulation, who have submitted timely claims pursuant to the Stipulation and the Notice of Settlement, and who have not requested exclusion, shall be entitled to a Settlement Voucher as described in paragraph 5 of the Stipulation.

14. The parties entered into the Stipulation solely for the purpose of compromising and settling disputed claims. Defendant has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiffs in this Action and any liability of any sort to Plaintiffs or any member of the St. James Hotel Settlement Class. Nothing contained in the Stipulation, in any document relating to the Stipulation, or in this Order shall be construed, deemed or offered as an admission by Plaintiffs or St. James Hotel, or by any member of the St. James Hotel Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

15. The parties are ordered to take all reasonable steps necessary to complete this settlement in compliance with the following timeline:

| Date | Event |
|---|---|
| 5/31/2013 | File Preliminary Approval Motion |
| 6/07/2013 | Attend the Preliminary Approval Hearing |
| 7/08/2013 | Accomplish publication of Legal Notice to the St. James Settlement Class within one month of the Preliminary Approval Order |
| 7/22/2013 | File declaration certifying that notice has been directly emailed to the St. James Settlement Class within 45 days of Preliminary Approval Order |
| 9/3/2013 | Deadline for Objections or Statements of Exclusion and submission of claims for voucher |
| 9/13/2013 | Third Party Administrator to report Objections or Statements of Exclusion |
| 10/01/2013 | File Final Approval Motion, including award for class representative and attorneys' fees |
| 10/10/2013 | Attend the Final Approval Hearing |
| TBD | Pay Cy Pres, Class Representatives Awards and Plaintiffs' Counsel Fees and Costs within ten business days after the Effective Date |
| TBD | Distribute Settlement Vouchers within one month after the Effective Date of the Final Approval Order |
| 2014 (anticipated Jan. 1-October 1) | Honor Class Members' Settlement Vouchers in effect for the class period as defined on the Settlement Voucher |

16. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing later.

BY THE COURT:

Dated: June 14, 2013

s/Joan N. Ericksen_____
Judge Joan N. Ericksen
United States District Court