UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Britt M. Fouks and Brian F. Hupperts,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.

Red Wing Hotel Corporation
d/b/a St. James Hotel, Veranda, Clara's Gift
Shop, Jimmy's Pub, Port Restaurant, and Shoe
Box Café,

                Defendant.

Case No. 12-cv-2160 (JNE/FLN)
ORDER

---

One year ago, the Court granted final approval to the parties' class action settlement, with modifications to the awards for the class representatives. Order of November 21, 2013, ECF No. 43. At the time that final approval was granted, the Plaintiffs also sought an award of attorney's fees and costs in the amount of $65,000. Pursuant to a so-called "clear sailing" provision[1] in the parties' settlement agreement, the Defendant did not oppose that motion. Nonetheless, in fulfillment of its obligation to award only a "reasonable" amount in fees and costs, Fed. R. Civ. P. 23(h), the Court denied the motion without prejudice.

The Plaintiffs have now renewed their motion for attorney's fees and costs, including information on the modest benefits the settlement actually provided to the class and seeking a reduced award of $27,722.86. ECF No. 46. True to the terms of the settlement, this renewed motion is unopposed as well. The Court will grant it, bringing this case to its full completion.

---

[1] "[A] clear sailing agreement is one where the party paying the fee agrees not to contest the amount to be awarded by the fee-setting court so long as the award falls beneath a negotiated ceiling." *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 520 n.1 (1st Cir. 1991).

As a coda, it bears emphasizing that "the inclusion of a clear sailing clause in a fee application should put a court on its guard, not lull it into aloofness." *Weinberger*, 925 F.2d at 525. Indeed, federal courts across the country have long recognized that rote approval of the sort of negotiated fee arrangement with which the Court was presented here can lead to "excessive or undeserved fee awards in the class action environment." *Id.* at 524. *See also Malchman v. Davis*, 761 F.2d 893, 908 (2nd Cir. 1985) (Newman, J., concurring) ("It is unlikely that a defendant will gratuitously accede to the plaintiffs' request for a 'clear sailing' clause without obtaining something in return. That something will normally be at the expense of the plaintiff class."); *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 n.11 (8th Cir. 1996) ("The district court appropriately noted that the potential for abuse is heightened by the defendants' agreement not to contest fees up to a certain point."); *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 948 (9th Cir. 2011) (placing a "heightened duty" on district courts "to peer into [a clear sailing] provision and scrutinize closely the relationship between attorneys' fees and benefit to the class" in order that the courts "avoid awarding 'unreasonably high' fees simply because they are uncontested"). *But see Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, n.4 (11th Cir. 1999) (observing that "clear sailing agreements have been the subject of some controversy in the class action arena," with some courts finding that they have "adverse effects" while "[o]ther[s] have not been as suspicious" where they are "reached after arms-length negotiations").

The Seventh Circuit has explained why "clear sailing" fee arrangements are deserving of judicial scrutiny:

> [C]lass counsel, un-governed as a practical matter by either the named plaintiffs or the other members of the class, have an opportunity to maximize their attorneys' fees—which (besides other expenses) are all they can get from the class action—at the expense of the class. The defendant cares only about the size of the

> settlement, not how it is divided between attorneys' fees and compensation for the class. From the selfish standpoint of class counsel and the defendant, therefore, the optimal settlement is one modest in overall amount but heavily tilted toward attorneys' fees. As we said in *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3d 913, 918 (7th Cir. 2011), "we and other courts have often remarked the incentive of class counsel, in complicity with the defendant's counsel, [is] to sell out the class by agreeing with the defendant to recommend that the judge approve a settlement involving a meager recovery for the class but generous compensation for the lawyers—the deal that promotes the self-interest of both class counsel and the defendant and is therefore optimal from the standpoint of their private interests.

*Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014).

Furthermore, the "friendly presentation" of the fee motion for which class counsel has bargained, *id.* at 729 – the "red-carpet treatment on fees," *Weinberger*, 925 F.2d at 522 – can deprive the court of information essential to determining the reasonableness of the amount sought that would typically come to light through adversarial testing. *In re Bluetooth*, 654 F.3d at 949 (noting that clear sailing provisions "by their nature deprive the court of the advantages of the adversary process in resolving fee determinations and are therefore disfavored").

Such was the case here.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Renewed Motion for Attorney's Fees and Costs [ECF No. 46] is GRANTED.

Dated: December 12, 2014        s/Joan N. Ericksen
                                JOAN N. ERICKSEN
                                United States District Judge